UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EARL A. JOSEPH,<br><br>    Defendant. | Case No. 8-04607-RMW<br><br>Related to CR-00-20217-RMW<br><br>**ORDER RE: "MOTION REQUESTING PRESERVATION OF ALLEYNE CLAIMS"** |

Defendant Earl A. Joseph filed a "Motion Requesting Preservation of *Alleyne* Claims" while his prior 18 U.S.C. § 2255 Motion appeal is pending. *See* Dkt. No. 18 (Notice of Appeal); Dkt. No. 25 (Motion). The current motion appears to be a "second or successive" § 2255 petition, which must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." See 28 U.S.C. § 2255.

Regardless of whether this motion is characterized as a second § 2255 petition, Joseph's motion is filed well beyond the one year statute of limitation in § 2255, and is not based on a "a new

rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

Joseph bases his petition on *United States v. Alleyne*, 133 S.Ct. 2151 (2013). Numerous courts have found that *Alleyne* does not apply retroactively to cases on collateral review. *See, e.g., In re Payne*, 2013 WL 5200425, * 1–2 (10th Cir. Sept.17, 2013) ("The Court has not held that *Alleyne* applies retroactively to cases on collateral review. Further, '[t]he Court resolved *Alleyne* on direct rather than collateral review ... *Alleyne* is an extension *of Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review."); *United States v. Denton*, 2013 WL 5423599, *1 (W.D. Wis. Sept.26, 2013) (*Alleyne* does not apply retroactively to cases closed before *Alleyne* was decided); *Bennett v. United States*, 2013 WL 5406653, *1 (S.D. Sept. 25, 2013) ("[T]he Supreme Court did not declare that the new rule in *Alleyne* is retroactive on collateral review, nor is it likely to do so."); *United States v. Crayton*, 2013 WL 4350643, * 1 (W.D. Wis. Sept. 23, 2013) ("As a general rule, rules of procedure, such as the ones announced in *Apprendi* and *Alleyne* do not apply retroactively to cases that became final before the new rule was announced."); *Munguia v. United States*, 2013 WL 5306192, *17 (E.D. Tenn. Sept.20, 2013) ("[T]he new rule announced in *Allyene* is not retroactive and cannot be applied retroactively to cases on collateral review under § 2255"); *Clinton v. Young*, 2013 WL 5233712, *1 (W.D.La. Sept.16, 2013) (While the Fifth Circuit has not ruled on this issue, "the courts that have addressed it have all held that *Alleyne* is not retroactive.") citing *Mingo v. United States*, 2013 WL 449929, *2 (W.D. Mich. Aug. 19, 2013) ("The holding in *Alleyne* does not qualify as a new 'watershed rule' "). Accordingly, the court DENIES the "Motion Requesting Preservation of *Alleyne* Claims."

Dated: June 19, 2014

*Ronald M. Whyte*
Ronald M. Whyte
United States District Judge